UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **MICHAEL SCOTT GRUPP, II** | : | **CIVIL ACTION NO. 2:20-CV-00245** |
| **VERSUS** | : | **JUDGE JAMES D. CAIN, JR.** |
| **STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY** | : | **MAGISTRATE JUDGE KAY** |

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S
MOTION FOR PARTIAL SUMMARY JUDGMENT**

*May it Please the Court:*

The uninsured/underinsured motorist ("UM") insurer is "obligated both by law and the issuance of its policy to repair damage caused by an uninsured or underinsured motorist." Here, Plaintiff was injured in an auto collision caused by an underinsured motorist. As Plaintiff's UM insurer, State Farm has tendered multiple UM payments to Plaintiff. Louisiana law is clear that a UM insurer is entitled to a credit for <u>payments</u> Plaintiff has <u>received</u> from his employer's worker's compensation insurer related to this crash. However, State Farm has denied UM coverage for Plaintiff's <u>unpaid</u> medical expenses that "<u>could</u> have been paid" or "<u>could</u> be paid" by workers' compensation.

The legal issue before the Court is whether State Farm's UM policy affords coverage for Plaintiff's past and future medical expenses that have not been paid by workers' compensation.

**FACTUAL BACKGROUND**

On January 12, 2018, Plaintiff was operating a vehicle owned by his employer, ACR Air Conditioning and Heating, Inc. Plaintiff was rear-ended by an underinsured motorist, Paula Cooper. At the time of the crash, State Farm had in full force and effect a policy of automobile liability insurance issued to Plaintiff's employer. State Farm's policy provides UM coverage to

Plaintiff and State Farm has made multiple UM tenders to Plaintiff for damages sustained in the subject crash.

Plaintiff made a claim for workers' compensation benefits related to the subject collision. Plaintiff received medical and indemnity benefits from his employer's workers' compensation insurer, until those benefits were denied. Following five separate UM tenders to Plaintiff, State Farm now alleges its UM policy precludes coverage for all of Plaintiff's medical expenses, even the unpaid expenses, because those expenses "<u>could</u> have been paid" or "<u>could</u> be paid" through workers' compensation.

## POLICY LANGUAGE

State Farm relies upon the following policy language to deny UM coverage for Plaintiff's medical expenses:

> **Nonduplication**
>
> *We* will not pay under Uninsured Motor Vehicle Coverage…any damages:
> …
> 2. that:
>     a. have already been paid;
>     b. could have been paid; or
>     c. could be paid
> to or for the *insured* under any workers' compensation law, disability benefits law, or similar law;

This "nonduplication" policy provision has never been upheld by a Louisiana court. As outlined herein, this policy provision directly contradicts a UM insurer's obligations under Louisiana's UM statute and Louisiana Supreme Court precedent. Accordingly, this policy provision is invalid and State Farm's UM policy affords coverage for Plaintiff's medical expenses.

## LEGAL ANALYSIS

**I.    The UM insurer is liable for a tort victim's medical expenses caused by an uninsured/underinsured motorist, absent <u>payment</u> of those expenses by the workers' compensation insurer.**

The "UM insurer is obligated both by law and the issuance of its policy to repair damage caused by an uninsured or underinsured motorist."[1] "Further, a UM insurer and a tortfeasor are solidary obligors, obliged to do the same thing 'by operation of law,' namely LSA-C.C. art. 2315, *et seq.*, and the UM statute.[2] Under LSA-C.C. art. 2315, a tortfeasor is obliged to repair the damage he has wrongfully caused to an innocent accident victim, including payment of past and future medical expenses. LSA-R.S. 22:1295, which governs UM insurance, "embodies a strong public policy to provide full recovery for innocent automobile accident victims who suffer damages caused by a tortfeasor who has no coverage or is not adequately covered by liability insurance."[3] In sum, the "UM insurer is <u>independently obliged</u> to repair the same damage which the tortfeasor has wrongfully caused."[4]

When a work-related crash is caused by an uninsured/underinsured motorist, injuring an employee, the UM insurer and workers' compensation insurer share co-extensive obligations to the tort victim for lost wages and medical expenses. In such a case, the Louisiana Supreme Court has determined the UM insurer and workers' compensation insurer are "solidary obligors."

> [P]ursuant to the effect of law and the terms of their independent insuring agreements, the uninsured motorist carrier and the workers' compensation insurer are obliged to the same thing since they share coextensive obligations to reimburse the tort victim for lost wages and medical expenses caused by the tortfeasor. Cutsinger v. Redfern, 2008-2607 (La. 5/22/09), 12 So. 3d 945, 951, citing Bellard, 07–1335 at p. 13, 980 So.2d at 665.

---

[1] Williams v. Peerless Ins. Co., 48,228 (La. App. 2 Cir. 8/7/13), 123 So. 3d 204, 208, writ denied, 2013-2158 (La. 12/6/13), 129 So. 3d 534
[2] Holmes v. City of Baker Sch. Bd., 2019-0404 (La. App. 1 Cir. 12/12/19), 295 So. 3d 403, 407–09, quoting Hoefly v. Gov't Employees Ins. Co., 418 So.2d 575, 580 (La. 1982).
[3] Id, citing Bernard v. Ellis, 2011-2377 (La. 7/2/12), 111 So.3d 995, 1002.
[4] Id, citing Hoefly, 418 So.2d at 578.

In reaching this conclusion, the Louisiana Supreme Court explained that a UM insurer and workers' compensation insurer may "each be compelled for the whole of their common liability…", and "payment by one exonerates the other as to the creditor [tort victim]."[5]

In Bellard v. American Central Ins. Co., 07–1335 (La.4/18/08), 980 So.2d 654, the Court held an employer's UM carrier is entitled to a credit for medical and disability wage benefits "paid on behalf of or to the plaintiff by the workers' compensation insurer."[6] Thereafter, in Cutsinger v. Redfern, 2008-2607 (La. 5/22/09), 12 So. 3d 945, 952, the Court held that a personal UM carrier and workers' compensation insurer are solidary obligors, entitling the personal UM carrier to the same credit for benefits paid by the workers compensation insurer. The Court explained:

> When the workers' compensation insurer **pays benefits to plaintiff** in the form of lost wages and medical expenses, the liability of the uninsured motorist carrier towards the plaintiff for those same lost wages and medical expenses is discharged. Consequently, the uninsured motorist carrier is no longer liable to plaintiff for the lost wages and medical expenses **paid by the workers' compensation insurer**, and is entitled to reduce the payments owed under its uninsured motorist coverage **by the amount of benefits paid by the workers' compensation insurer.**[7]

The UM insurer's obligation to pay the tort victim's medical expenses is not extinguished simply when medical expenses "could be paid" by workers' compensation. A debt can only be extinguished when paid.

Louisiana law does not relieve a UM insurer of liability for amounts unpaid by a workers' compensation insurer, at least to the extent of the policy limits. See Dodson v. Old Republic Ins. Co., No. CIV. A. 98-3041, 1999 WL 329701, at *6 (E.D. La. May 21, 1999), aff'd sub nom. Dodson v. Louisiana Workers' Comp. Corp., 208 F.3d 1006 (5th Cir. 2000). See also Lawrence v. McKenzie, 2018-1401 (La. App. 1 Cir. 11/30/18).

---

[5] Cutsinger v. Redfern, 2008-2607 (La. 5/22/09), 12 So. 3d 945, 951 (emphasis added).
[6] Id. at 950.
[7] Id at 952 (emphasis added).

Applying the foregoing precedent to the matter at hand, the coextensive obligations of the UM insurer and workers' compensation insurer does not eliminate the UM insurer's liability to repair the damage caused by the uninsured/underinsured motorist. Rather, State Farm can be compelled to pay the "whole" debt owed to the tort victim. Only if Plaintiff's medical expenses are "paid" by workers' compensation can State Farm reduce its liability for UM coverage. Plaintiff concedes that State Farm is entitled to a credit for any workers' compensation <u>payments received by Plaintiff</u> arising from the subject crash (including medical and indemnity). This credit, however, does not apply to unpaid expenses.

Any insurance policy provision in derogation of the UM statute is invalid.[8] According to the UM statute and Louisiana Supreme Court precedent, State Farm is liable for all of Plaintiff's medical expenses caused by the underinsured motorist, absent <u>payment</u> of those expenses by the workers' compensation insurer.  This motion should be granted finding that State Farm's UM policy provides coverage for Plaintiff's past and future medical expenses that have not been paid by his employer's workers' compensation insurer.

**II. Workers' compensation is <u>not</u> the injured employee's exclusive remedy when damages are caused by an uninsured/underinsured motorist.**

State Farm contends that Plaintiff is required to make and fully pursue his workers' compensation claim if he seeks payment of his medical expenses caused by the underinsured motorist. A similar argument was made by the UM insurer and rejected by the Court in <u>Williams v. Peerless Ins. Co.</u>, 48,228 (La. App. 2 Cir. 8/7/13), 123 So. 3d 204, 209, <u>writ denied,</u> 2013-2158 (La. 12/6/13), 129 So. 3d 534.

In <u>Williams</u>, the defendant's UM policy included an exclusion providing that coverage does

---

[8] <u>Wilkinson v. Fireman's Fund Insurance Company</u>, 298 So.2d 915 (La.App.3rd Cir. 1974), writ dismissed, 309 So.2d 657.

not apply to the "direct or indirect benefit of any insurer or self-insurer under any workers' compensation, disability benefits, or similar law." While this policy provision was upheld by the Louisiana Supreme Court in <u>Travelers Ins. Co. v. Joseph</u>, 95–0200 (La.6/30/95), 656 So.2d 1000, the issue in <u>Travelers</u> was whether an employer's UM policy exclusion may prevent a workers' compensation insurer from recovering reimbursement of compensation benefits paid to an employee injured by an underinsured motorist. In <u>Travelers</u>, the court determined that the exclusion barred a compensation carrier's reimbursement claim against the UM insurer. However, the <u>Williams</u> court correctly noted that <u>Travelers</u> "did not involve a claim by an injured worker for damages under the UM policy." Louisiana's "statutorily specified coverage <u>guarantees</u> the injured person's recovery of damages as if the tortfeasor had been insured."[9]

In <u>Williams</u>, the defendant UM insurer argued that workers' compensation was the plaintiff's sole remedy for injuries sustained in the work-related crash. Like the case at hand, the plaintiff argued he was not limited to workers' compensation benefits because the UM insurer is legally liable to pay damages to plaintiff for injuries caused by an uninsured/underinsured motorist. The <u>Williams</u> court held the workers' compensation exclusion in the UM policy did not bar the employee's claim for UM coverage.

Here, like the UM insurer in <u>Williams,</u> State Farm cites invalid policy language that eliminates a UM insurer's obligation to pay for damages caused by an uninsured/underinsured motorist. There is no legal authority for State Farm to deny coverage for Plaintiff's unpaid medical expenses, or to suggest that Plaintiff is required to make a workers' compensation claim to recoup damages caused by an uninsured/underinsured motorist. Given the well-settled law in Louisiana, Plaintiff's motion should be granted, finding that State Farm's UM policy covers plaintiff's

---

[9] <u>Holmes v. City of Baker Sch. Bd.</u>, 2019-0404 (La. App. 1 Cir. 12/12/19), 295 So. 3d 403, 407–09 (emphasis added).

medical expenses that have not been paid by the workers' compensation insurer.

## CONCLUSION

In Louisiana, the UM insurer is "independently obliged" by both law and the issuance of its policy to repair damage caused by an uninsured/underinsured motorist. The UM insurer can be compelled to pay this "whole" debt, as UM coverage <u>guarantees</u> the injured person's recovery of damages as if the tortfeasor had been insured. Therefore, State Farm is fully liable for Plaintiff's medical expenses, absent "payment" by the solidary workers' compensation insurer that extinguishes the debt owed by the UM carrier.

There is no precedent supporting the enforceability of State Farm's policy provision precluding coverage for medical expenses that "could have been paid" or "could be paid" by workers' compensation. Instead, the policy provision is in conflict with general rules of solidarity, the UM statute, Louisiana Supreme Court precedent, and the applicable cases construing policies in favor of UM coverage. Plaintiff prays this motion for partial summary judgment be granted.

                                        RESPECTFULLY SUBMITTED BY
                                         BROUSSARD & WILLIAMSON, LLC,
                                         Attorneys for Petitioner

_____
MICHAEL WILLIAMSON (#31004)
AARON BROUSSARD (#30134)
STEVEN BROUSSARD (#3518)
JASON R. BELL (#30860)
RACHEL K. COUVILLION (#33927)

**BROUSSARD + WILLIAMSON**

1301 Common Street
Lake Charles, LA   70601
(337) 439-2450  Telephone
(337) 439-3450  Facsimile

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a copy of the above and foregoing has been duly served on all counsel of record by:

| | | | |
|---|---|---|---|
| _____ | U.S. mail, postage pre-paid | _____ | Facsimile |
| _____ | FedEx, pre-paid | _____ | E-mail |
| _____ | Hand delivery | __X__ | Court's CM/ECF system |

on this this 13th day of January, 2021.

_____
Michael Williamson