UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

**MICHAEL S. GRUPP**                            **CASE NO. 2:20-CV-00245**

**VERSUS**                                              **JUDGE JAMES D. CAIN, JR.**

**STATE FARM MUTUAL AUTOMOBILE INSURANCE CO.**      **MAGISTRATE JUDGE KAY**

## MEMORANDUM RULING

Before the court are cross-motions for partial summary judgment [docs. 18, 27] filed, respectively, by plaintiff Michael S. Grupp and defendant State Farm Mutual Automobile Insurance Company ("State Farm"). Both motions are opposed. Docs. 26, 33. This matter came before the court for hearing on March 16, 2021, and the undersigned now issues this ruling.

### I.
#### BACKGROUND

This suit arises from a motor vehicle accident that occurred on January 12, 2018, in Lake Charles, Louisiana. *See* doc. 22. Plaintiff Grupp was driving a vehicle owned by his employer, ACR Air Conditioning & Heating, when he was rear-ended by another vehicle. *Id.* at ¶¶ 3–5; *see* doc. 27, att. 5 (State Farm uncontested material facts). At the time Grupp's employer had an automobile liability insurance policy (No. 3215736-A23-l8C) with State Farm, providing uninsured/underinsured ("UM") motorist coverage. Doc. 18, att. 4. Grupp alleges that he sustained injuries including neck and back pain as a result of the crash. Doc. 22, ¶ 7. He filed a claim with his employer's workers' compensation insurer and received

benefits including medical expenses, until those benefits were disputed by the insurer and terminated in March 2018.[1] Doc. 18, att. 1, ¶ 4; *see* doc. 26, att. 1 (workers' compensation documents).

On January 2, 2020, Grupp filed suit against State Farm in the Fourteenth Judicial District Court, Calcasieu Parish, Louisiana. Doc. 1, att. 2. Through this suit he seeks coverage under the UM policy for his damages. *Id.*; *see* doc. 22 (amended complaint). State Farm removed the case to this court on the basis of diversity jurisdiction, 28 U.S.C. § 1332. Doc. 1. The parties now bring cross-motions for partial summary judgment on a single legal issue: whether a non-duplication clause in State Farm's policy bars coverage for expenses that "could have" been paid by workers' compensation. Docs. 18, 27. Grupp also asserts that the version of the insurance policy relied on by State Farm [doc. 26, att. 3] is different from the one that State Farm certified and produced in discovery, and must be stricken. Doc. 30.

## II.
### SUMMARY JUDGMENT STANDARD

Under Rule 56(a), "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The moving party is initially responsible for identifying portions of pleadings and discovery that show the lack of a genuine issue of material fact. *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995). He may meet his burden by

---

[1] In his deposition Grupp admitted that he was notified of the termination of benefits by his employer, who then let him go, and by subsequent letter from the insurer, but did nothing to appeal the termination. Doc. 27, att. 3.

pointing out "the absence of evidence supporting the nonmoving party's case." *Malacara v. Garber*, 353 F.3d 393, 404 (5th Cir. 2003). The non-moving party is then required to go beyond the pleadings and show that there is a genuine issue of material fact for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To this end he must submit "significant probative evidence" in support of his claim. *State Farm Life Ins. Co. v. Gutterman*, 896 F.2d 116, 118 (5th Cir. 1990). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249 (citations omitted).

A court may not make credibility determinations or weigh the evidence in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000). The court is also required to view all evidence in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Clift v. Clift*, 210 F.3d 268, 270 (5th Cir. 2000). Under this standard, a genuine issue of material fact exists if a reasonable trier of fact could render a verdict for the nonmoving party. *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008).

### III.
### LAW & APPLICATION

#### A. Request to Strike Exhibit

In support of his motion, Grupp attached as Exhibit 1 the record for Policy No. 3215736-A23-l8C, certified by State Farm as the version in effect on January 12, 2018. Doc. 18, att. 4. Grupp states that this document was produced by State Farm in discovery. In support of its opposition to Grupp's motion and its own cross-motion, State Farm has

submitted an undated document titled "State Farm Car Policy Booklet" and subtitled "Nevada Policy Form 9828A." Doc. 26, att. 3. There is no certification page attached to this exhibit. The certified policy record, on the other hand, includes the policy booklet subtitled "Louisiana Form 9818A." Doc. 18, att. 4, p. 10. The non-duplication clauses differ between the two policy booklets, and it is the language of this clause that lies at the heart of the parties' legal dispute. *Compare id.* at 27 *with* doc. 26, att. 3, p. 14. At oral argument, however, State Farm explained that it only provided the Nevada form in order to give context for the reduction clause at issue in *Hernandez*, a case described *infra*. Accordingly, the court regards Grupp's exhibit as the only competent summary judgment evidence of the policy language applicable to his claim but finds no need to strike State Farm's exhibit.

### B. Motions for Summary Judgment

Here the non-duplication clause provides in relevant part that, under its UM coverage, State Farm will not pay any damages that "have already been paid," "could have been paid," or "could be paid . . . to or for the insured under any workers' compensation law, disability benefits law, or similar law[.]" Doc. 18, att. 4, p. 27. Grupp asserts—and State Farm does not dispute—that State Farm has denied UM coverage for all of his medical expenses, including those unpaid by the workers' compensation insurer. Doc. 18, att. 1, p. 2; *see* doc. 26, att. 4.

Louisiana's UM statute, La. Rev. Stat. § 22:1295, "embodies a strong public policy . . . to provide full recovery for innocent automobile accident victims who suffer damages caused by a tortfeasor who has no coverage or is not adequately covered by liability

insurance." *Bernard v. Ellis*, 111 So.3d 995, 1002 (La. 2012); *see also Duncan v. USAA Ins. Co.*, 950 So.2d 544, 547 (La. 2006). The underlying purpose of this coverage "is to promote and effectuate complete reparation, no more or no less," and the statute is therefore liberally construed. *Bernard*, 111 So.3d at 1002–03. UM insurers and tortfeasors are solidary obligors under operation of Louisiana law. *Holmes v. City of Baker Sch. Bd.*, 295 So.3d 403, 407–09 (La. Ct. App. 1st Cir. 2019) (citing *Hoefly v. Gov't Employees Ins. Co.*, 418 So.2d 575, 580 (La. 1982)). Accordingly, "[t]he UM insurer is independently obliged to repair the same damage which the tortfeasor has wrongfully caused," *id.* at 408, and the UM insurer and workers' compensation insurer likewise become solidary obligors when a driver is injured in a work-related accident covered by both policies. *See Bellard v. Cent. Amer. Ins. Co.*, 980 So.2d 954 (La. 2008); *Cutsinger v. Redfern*, 12 So.3d 945, 951 (La. 2009). In such a case, each insurer may "be compelled for the whole of their common liability" though either will be exonerated through payment by the other. *Cutsinger*, 12 So.3d at 952.

Louisiana law allows an insurer to restrict coverage as long as the restriction is not inconsistent with a statute or a prevailing public policy consideration. *See, e.g.*, *Travelers Ins. Co. v. Joseph*, 656 So.2d 1000, 1005 (La. 1995); *Sargent v. La. Health Serv. and Indem. Co.*, 550 So.2d 843 (La. Ct. App. 2d Cir. 1989). State Farm's non-duplication clause allows it to rank its obligation below that of the workers' compensation insurer or otherwise set conditions on coverage against that of another solidary obligor, and appears to require full litigation of the workers' compensation claim as a prerequisite to determining UM coverage for lost wages or medical expenses. State Farm argues that there is no conflict

with policy considerations, because employers are statutorily required to carry workers' compensation insurance but can opt out of UM coverage. It points out that allowing employers to purchase such restricted UM coverage benefits the employer by allowing its premiums to be calculated without regard to risk of duplicative coverage. It also argues, in reliance on cases arising from other states (Connecticut, Tennessee, and Nevada), that policy considerations weigh against allowing a plaintiff from using this solidarity to increase the UM insurer's obligation. But as Grupp points out, the Connecticut non-duplication clause tracked with state UM regulations, which expressly reduced liability for all sums "paid or . . . payable" by workers' compensation. *Rydingsword v. Liberty Mutual Ins. Co.*, 615 A.2d 1032, 1035 (Conn. 1992). The Tennessee cases are likewise distinguishable because Tennessee's UM provisions do not require the victim to be made whole and therefore directly conflict with Louisiana's UM law. *Dickerson v. Progressive Exp. Ins. Co.*, 2009 WL 117006, at *3 (E.D. La. Jan. 14, 2009). The first Nevada case cited by State Farm is only weakly analogous to this matter, as the issue was the workers' compensation insurer's right of subrogation against the UM insurer rather than the insurer's obligation to make the insured whole regardless of the real or theoretical applicability of other coverage. *See St. Paul Fire & Marine Ins. Co. v. Employers Ins. Co. of Nev.*, 146 P.3d 258, 264–65 (Nev. 2006). And a recent Nevada decision actually supports Grupp's position, as the court found that a reduction clause allowing the UM insurer to limit its liability based on theoretical, rather than actual, disability benefits, violated public policy

because it failed to make the insured whole.[2] *See Fernandez v. State Farm Mut. Auto. Ins. Co.*, 338 F.Supp.3d 1193 (D. Nev. 2018).

Here, Louisiana's UM statute and Civil Code principles regarding solidary obligations require that the victim be made whole. State Farm's broad non-duplication clause allows the UM insurer to reduce that obligation based on the theoretical applicability of workers' compensation benefits, regardless of the reason why such benefits might not have been paid. As the Nevada district court recognized, this provision does nothing to prevent double recovery on the part of the insured and instead only results in a windfall for the insurer. *Fernandez*, 338 F.Supp.3d at 1200. In this case, it more directly benefits the UM insurer rather than the employer who elected to carry the additional coverage. It also results in a preemptive shorting of the accident victim whenever he has workers' compensation coverage that could have, but for whatever reason did not, apply. Such a result conflicts with Louisiana's law of solidary obligations and the policy considerations recognized by the state supreme court under the UM statute, as the Louisiana Supreme Court recognized in dicta in *Cutsinger*.[3] Accordingly, this portion on State Farm's non-

---

[2] State Farm argues that this case is distinguishable because it concerned a reduction clause rather than non-duplication clause, and because it involved the victim's personal UM policy rather than one purchased by the employer. The court recognizes a distinction between reduction and non-duplication clauses. Nevertheless, it finds the matter analogous to the concerns at issue here, as the overriding concerns are (1) the UM insurer's obligation to make the victim whole and (2) the extent to which the clause prevents double recovery by the victim. *See Cutsinger*, 12 So.3d at 951–52 (noting that the fact that the UM coverage was procured by the plaintiff rather than her employer "makes no difference in the solidarity analysis."); *see also Bellard*, 980 So.2d at 663–66.

[3] There the non-duplication clause provided that UM coverage would be reduced "by any amount paid or **payable**" to the insured under workers' compensation. 12 So.3d at 950 (emphasis added). But the issue before the court was whether the UM insurer could reduce coverage by the amounts of workers' compensation already paid to plaintiff, a position the court endorsed. *Id.* at 948, 951–52. In a footnote, however, the court added:

> Plaintiff is fully compensated for her damages and the obligation of the uninsured motorist carrier is extinguished only when the workers' compensation insurer actually pays benefits due under the workers' compensation law. The uninsured motorist policy provides that any amount payable under the uninsured motorist coverage shall be reduced by any amount *paid or payable* to the insured under any workers' compensation law. Because the solidary obligation is extinguished only when

duplication clause is unenforceable on public policy grounds. State Farm cannot use the clause to reduce its liability based on workers' compensation benefits not actually paid to the plaintiff who is covered by both obligors.

## IV.
### CONCLUSION

For the reasons stated above, the Motion for Partial Summary Judgment [doc. 18] filed by plaintiff will be **GRANTED** and the Motion for Partial Summary Judgment [doc. 27] filed by State Farm will be **DENIED**.

**THUS DONE AND SIGNED** in Chambers on this 15th day of March, 2021.

_____
**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**

---

the workers' compensation insurer pays the benefits owed to plaintiff, the language "or payable" is not properly enforceable and should be stricken.
*Id.* at 955 n. 3 (emphasis in original).